SOLÉ ELECTRICAL CONSTRUCTION, INC., Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Defendant.

No. CI-62-15.   Decided March 19, 1963.

*Manuel Cruz Horta* for appellant.   *Donald R. Dexter* for the State Insurance Fund.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Laborer Miguel Santiago Ocasio, an employee of Solé Electrical Construction, Inc., was electrocuted while working in a certain property of Jorge Ramírez de Arellano situated in Villa Caparra, Bayamón.   The Manager of the State Insurance Fund ruled that Solé Electrical Construction, Inc. was an uninsured employer.   On appeal, the Industrial Commission confirmed that decision.

In view of the fact that the petition for review filed in this Court raised certain questions of law which prima facie warranted review of the decision of the Commission, we issued the corresponding writ. However, we are convinced by a subsequent examination of the record that the question involved in the appeal is confined to a question of fact which the Commission decided against the employer and which under the law does not merit review.

Solé Electrical Construction, Inc. carried a policy with the State Insurance Fund covering its operations and risks in certain projects and places specified in the policy. The place or project where laborer Santiago Ocasio sustained the accident was not one of those specified in the policy. The operations or risks specified in the policy were subject, among other conditions, to the following: "Before commencing the work the employer binds itself to inform by letter or telegram to the State Insurance Fund the place or places where such work will be carried out, the estimated payroll to be paid, duration of the work and number of laborers." It appears from the record that it was the administrative practice of the Fund to consider covered by a policy of this class or nature operations of like kind performed by the employer in places or projects other than those specified in the policy, but subject to the prenotice required by the above-copied clause. The record further shows that the employer complied with that clause or condition.

Worker Miguel Santiago Ocasio sustained the fatal accident on May 16, 1961, at 8:55 a.m. At 3:54 p.m. the Fund received a letter from the employer which reads as follows:

"For the legal purposes of our floating policy, series A-No. 26115, please be advised that we are sending today to the property of Jorge Ramírez de Arellano, at No. 3 'J' Street, Villa Caparra, Bayamón, three workers for the purpose of effecting some change in the electric connection of that residence, which work will last three or four days, with an estimated payroll of $150."

During the hearing held before the Commission the employer admitted that the Fund had received the letter, and the Fund established that it had been received at 3:45 p.m., several hours after the occurrence of the accident. The employer failed to introduce any evidence on the time such notice was sent to the Fund.

According to § 25 of the Workmen's Accident Compensation Act,[1] the policy issued by the Fund should cover all the operations of the employer. New operations not covered by the original policy shall be covered by notices subject to the approval of the Manager or by extensions of policy. And we have already seen that the Fund has provided, in incorporating the same as a clause in the policy, that such notices shall be given by telegram or letter before the work is commenced.

And the question for decision in this case is whether the employer complied with the clause requiring prenotice in order to be covered by its policy. In view of the evidence introduced by the parties, the Commission made the only

---

[1] Section 25 *supra* provides in its pertinent part:

"Under no circumstances shall a policy be issued to cover only a part of the operations of an employer and leaving other activities uninsured. All of the operations of the employer shall be covered by one sole policy; Provided, That in case the employer, at the time of executing the policy, or of extending it, or of rendering his report on the wages paid, or of submitting his payroll return, fails to include part of his operations, thus preventing proper assessment for insurance purposes, the Manager, however, may at any time assess and levy, and collect from him, additional premiums on those operations which he has failed to include, in the same manner as if they had been insured. Policies shall be issued on the basis of the total payroll of the activities of the employer, as shown from his accounting books, payrolls, registers or other trustworthy documents. In case the employer is unable to produce accounting books, payrolls, registers, or other trustworthy documents, the total payroll shall, after the issuance of the policy or after the investigation of the employer, be computed on the basis of a reasonable estimate, according to the importance, nature, and volume of business of the employer. New operations not covered by the original policy shall be covered by notices subject to the approval of the Manager, or by extensions of policies." (11 L.P.R.A. § 26.)

conclusion of law which was proper, namely, that the employer gave notice to the Fund of the new operation or project after the deceased laborer sustained the accident. The employer having failed to comply with the prenotice requirement, the activity in which laborer Manuel Santiago Ocasio lost his life was not covered by the policy issued to the laborer's employer, and therefore, the Commission did not err in confirming the decision of the Manager of the State Insurance Fund adjudging it an uninsured employer.

The decision of the Industrial Commission will be affirmed.